UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ANTHONY BRIAN MALLGREN,

                     Plaintiff,                  **MEMORANDUM & ORDER**
                                                                    13-CV-2728 (MKB)

          v.

DEIDRE RAE MALLGREN,

                     Defendant.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       On May 1, 2013, Plaintiff Anthony Brian Mallgren filed the above-captioned *pro se* action against his wife, Deidre Rae Mallgren, ostensibly as a petition for dissolution of their marriage. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As discussed below, the Complaint is dismissed because this Court lacks subject matter jurisdiction. Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including limitations on filing.

**I.   Background**

       Plaintiff's lengthy litigation history is recounted in this Court's March 11, 2014 Memorandum & Order in *Mallgren v. American Psychiatric Association, et al.*, No. 13-CV-2211, slip op. (E.D.N.Y. Mar. 11, 2014) (dismissed for failure to state a claim). By Orders dated May 2, 2013 in *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13-CV-1054, *Mallgren v. John Doe Corporation*, No. 13-CV-1265, and *Mallgren v. Bloomberg, et al.*, No. 13-CV-1466, Plaintiff was warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court.

The instant action purports to be a petition for divorce pursuant to New York Domestic Relations Law, seeking dissolution of Plaintiff's marriage to Deidre Rae Mallgren of Spokane, Washington. The Complaint alleges that "Deidre wishes to bring forth a divorce case, being that Deidre was abandoned over a year ago by Anthony." (Compl., "Statement of Claim" ¶ 2.) The Complaint further states that "it is the wish of both parties that the Federal Court make a reasonable exception in good faith [to the two-year residency requirement contained in Domestic Relations Law Section 230] . . . , and enter a judgment of uncontested divorce." (*Id.* ¶ 6.) In an attached "Motion for Judgment," Plaintiff states that "[t]he parties have agreed to the following divorce terms" apportioning to Anthony "all intellectual property developed, changed or acquired for the duration of the relationship," "[a]ll private property within New York," and "[a]ll shared assets and liabilities" and reserving to Deidre "[a]ll private property within Washington." (Motion for Judgment ¶¶ 1–5.) The submission is signed only by Anthony Mallgren, and includes no affidavit or other signed document from Deidre Mallgren.

The Complaint asserts that this Court has jurisdiction on the basis of alleged "constitutional considerations of the free exercise of religion and equal protection of state laws." (Compl., "Basis of Jurisdiction" ¶ 2.) The Complaint does not include any specific claim related to the Free Exercise Clause. It does allege that New York's Domestic Relations Law Section 230 discriminates against shorter term residents by requiring two years of residency prior to bringing a divorce action in New York. (Compl., "Statement of Claim" ¶¶ 5–6.) The only relief sought is the entry of a judgment of divorce.

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See, e.g.*, *Monreal v. New York*, 518 F. App'x 11 (2d Cir. 2013) (affirming dismissal of *pro se* complaint for failure to establish subject matter jurisdiction); *Zito v. New York City Office of Payroll Admin.*, 514 F. App'x 26, 27 (2d Cir. 2013) (same); *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369, 2012 WL 1657362, at * 3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se*

litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331 and § 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### b. The Court Lacks Subject Matter Jurisdiction

The instant Complaint fails to assert any valid basis for this Court's subject matter jurisdiction. Plaintiff seeks a judgment of divorce, and asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331, alleging the unconstitutionality of New York's Domestic Relations Law's residency requirement. He also alleges that the citizenship of the parties is diverse. However, neither of these claims confers subject matter jurisdiction over this action.

Although Plaintiff attacks the constitutionality of New York's Domestic Relations Law's residency requirement, Plaintiff does not ask this Court to declare the law unconstitutional. Rather, he asks this Court to "make a reasonable exception in good faith" and enter a judgment of divorce between Plaintiff and Defendant. (Compl., "Statement of Claim" ¶ 6.) It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. ---, ---, 133 S. Ct. 2675, 2691 (2013) ("[S]ubject to [constitutional] guarantees, regulation of domestic relations is an area

4

that has long been regarded as a virtually exclusive province of the States." (citation and internal quotation marks omitted)). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also Keane v. Keane*, --- F. App'x ---, ---, 2014 WL 104095, at *1 (2d Cir. Jan. 13, 2014) (stating that the "domestic relations exception to subject matter jurisdiction generally encompasses . . . cases involving the issuance of a divorce, alimony, or child custody decree" (citation and internal quotation marks omitted)). Here, Plaintiff's claims seeking the dissolution of his marriage and the distribution of assets concern state law domestic relations matters. Therefore, the Court must abstain from exercising jurisdiction over these matters.

### III. Conclusion

The Complaint is dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). The Court renews its warning to Plaintiff that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good

faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

        SO ORDERED:

           s/ MKB
        MARGO K. BRODIE
        United States District Judge

Dated: March 12, 2014
       Brooklyn, New York